The next matter, number 24-1853, Alfred W. Trenkler v. Freddie Bowers. At this time, would counsel for the appellant please come to the podium and introduce herself on the record to begin. Good morning, Your Honors. Amy Barsky for the appellant, Alfred Trenkler, and if I could reserve three minutes for rebuttal, please. You may. In 2018, Congress passed a program to facilitate the transfer of elderly and terminally ill prisoners to home confinement. These are prisoners who have completed the vast majority of their sentences, and Mr. Alfred Trenkler had a legal entitlement to be considered for that program under the criteria that Congress passed. What happened here was that the Bureau of Prisons clearly and admittedly, instead of administering the statute that Congress passed, it chose to take a 10-year-old program statement that it had created and use that for criteria for the program. I understand your argument, and I appreciate the position your client is in and was in during the time period that he was being considered. But I think we have this issue that we have to wrestle with, which is the smoothness question, and what to do when the relief requested in the habeas, here I think that relief was released to the specific program that no longer exists. What do we do when that program no longer exists? How do you suggest we deal with that? Yes, so we concede that transfer to that particular program is not available. That is not an impediment to the petition proceeding. We could either amend the petition or under Federal Rules of Procedure 54C, the court is supposed to grant any relief to which the petitioner is entitled. So the fact that that particular relief... If he is entitled and this program no longer exists, shouldn't it be the district court that makes that additional finding, or if you're going to amend the petition? Either one. I don't think it matters. He's clearly entitled to equitable relief for the illegality that occurred. And the case is not moot, because the mootness inquiry simply asks whether there is any injury that continues that is redressable, and unless he is released, that he clearly is still injured. So to provide some of the language from this Court's cases and the Supreme Court's cases, a case is only... How can it be redressed? If it's not redressable through that program which is no longer in existence, how can it be redressed? So the easiest and simplest way, that's not even contested by the government, is he could be given the 12 months of pre-release custody that any prisoner is under 3624C, that the BOP is supposed to provide up to 12 months of pre-release custody. So that is the simplest. The government doesn't even contest that the Bureau of Prisons has the authority to do that, and that that would redress... Is that request made of the BOP? That, by statute, the BOP has to consider that for everyone. We could certainly amend the petition to request that in particular, but we've included in the briefs a half a dozen different kinds of remedies that the District Court could consider, and that would be available. This case is here... It seems to be moot under one program, and any other remedies, your client hasn't applied for them yet. Well, the question on... Starting with the BOP. The question for a 12B6 dismissal, though, is only whether the petition states a claim, and whether there is any relief that could be granted. The mootness inquiry that's properly before this court right now is only the question of whether a District Court sitting equitably as a habeas court can offer any redress, and of course it can. Mr. Trankler's in prison today. He's going to be in prison for the next three years. They don't usually tell the District Court to sua sponte, come up with something that the petitioner isn't requesting, or hasn't requested. Well, in habe... ...constantly evolving when the actions of the executive change, and circumstances change. So there's nothing extraordinary about a situation in which circumstances evolve, and the requested remedy isn't... Do you have a case where we have said that we can do that? We can grant relief that wasn't requested in the habeas petition? I think that the Federal Rule of Civil Procedure says that. It says any relief available should be considered whether or not it's alleged in the petition. But the rule doesn't say any relief not alleged in the petition. It has to be relief that's alleged. It doesn't. Let me see if I can find... If we don't just come up... I mean, the whole party participation doctrine suggests that the court, that the Supreme Court keeps fussing at us about, is that we're supposed to take the case that the parties present to us. Well, let me offer the flip side of that. The cases that the... What the government presented in this case was simply to say the court doesn't have the authority to release him into that program. He no longer exists. But all the program is is transfer to home confinement, which happens every single day. This is not the situation of the BOP's boot camp program, where there were numerous cases in which, in fact, habeas courts did redress the BOP's wrongful failure to transfer people to boot camp even after that program ended. This is not the RDAP program, where courts did, in fact, grant the relief of giving people RDAP early release credit, despite illegality. Who is the best case to support what you're asking us to do? Probably Serrano from the Ninth Circuit, which says... So, Serrano was a boot camp program. This is on pages 22 to 23 of the reply, where the Ninth Circuit said, had the Bureau of Prisons not acted unlawfully by terminating what was a discretionary boot camp program, Serrano could have been considered for early release, a violation the sentencing court has the power to redress by reducing Serrano's supervised release. We're not the sentencing court, so we would arguably have to send it back to the sentencing court. There's an allegation here that the Bureau acted unlawfully. They processed it slowly to your client's detriment, conceitedly, but they didn't act unlawfully. They 100% acted unlawfully. They did not apply the criteria that Congress passed. They said, instead, we're going to make up our own criteria for this program, and under our 2009 program statement, this is not a crime of violence. That's an absolute abdication of the agency's limited authority, which is to apply the statute that Congress passed. So, if this court is under the impression that the habeas petition should be amended, that's fine. We're perfectly willing and happy to amend the habeas petition. I don't think it's necessarily required, but in any event, that's not grounds for dismissing the habeas petition pre-trial on a mootness issue. Is your position, then, that the district court could order the BOP to order your client into the 12-month program? So, the 12-month program is a step down that happens at the end of custody. Right, which he hasn't reached yet. Correct. So, what the district court could do is order the Bureau of Prisons to evaluate Mr. Trankler under the criteria lawfully passed by Congress, go back to the time when it acted unlawfully, and if it finds him eligible, then provide XYZ relief. XYZ relief could be transferred to a community correctional facility. It could ensure that he receives the 12 months of pre-release custody. It could be release him and impose home confinement as a condition of supervised release. There are a whole number of things that a district court has the power to do to remedy the fact that the BOP refused to consider him for a program that was passed for people just like him, and he has now sat in prison for years, more than our position is that he should have. And again, the only question about remedy that is properly before the court now is whether the case is moot. If there's any redress the court could offer, the case is not moot, and for this court to hold otherwise would blow a huge hole in habeas corpus that applies to immigration habeas, to any number of habeas petitions, and that's simply not the law under this court's jurisprudence or the Supreme Court's jurisprudence. I read Serrato, which you just mentioned, from the Ninth Circuit, but then I also read McCullough v. Graber, also from the Ninth Circuit, which I think is a little different than Serrato, and says this thing that I've been saying, which is that I think you need to request the relief you want in the habeas petition or we can't grant it. So if we have Serrato and we have McCullough, I mean, obviously they don't control what we do here, but how do you reconcile those two cases? Well, but that's fine. We can amend the petition. I mean, and the other point to make here is the district court didn't even rule on this because the government did not properly raise this issue. So if this court feels that the court does not have the authority to grant relief other than that requested, it could remand with instruction to permit the petitioner to amend the petition to request a broader range of relief or simply request any relief the court deems appropriate. That it could certainly do, but the case is not moot because he remains incarcerated. And if I could reserve the remainder of my time. Well, let me ask you this. The district court's decision dealt with this categorical approach, crime of violence, you know, discussion or issue, didn't really deal with mootness at all. Would you suggest we answer that question as well? I think that obviously is a question for the court. I think that is the only ground that the district court ruled on. So I would say yes. I'm not sure what's to be gained by sending it back and then this court ultimately deciding on that issue that's already been reviewed. On the other hand, I think either way. I think we're absolutely correct on the issue of 844D. And whether the court deals with that now or later, I'm not sure it makes a difference. Doesn't that sort of depend on what the... If you were to amend your petition, what the relief is that you're requesting? Like, it may not matter anymore. Well, it would matter because what we'd be requesting is that he be considered as he lawfully should have been considered and, if eligible, that he be granted some remedy. And the BOP certainly has, within its discretion, the power to transfer people to home confinement. That happens every single day. Just so I'm clear, and I sort of went back and forth reading your briefs, you're saying that he be considered for the program he was eligible for, this program that no longer exists, and then, best-case scenario, BOP acknowledges that program no longer exists but will grant some other kind of relief. Yes, or... I mean, there are habeas cases in which courts have deemed a person eligible for that relief. I mean, again, there's a wide range of things. I think that the district court has the authority to grant... Supposing it goes back to the agency, and the agency is again recalcitrant. At some point, a district court has the authority to grant release as a remedy and impose home confinement as a condition of supervised release. This, again, is... The only sense in which this is a program is that the word program appears. It's not... There is no physical space. It's home confinement that's supervised by US Probation in a range of situations in which home confinement happens, and there are a number of them. There's COVID home confinement. There's pre-release home confinement. There are sentences served in home confinement. Thank you. Thank you, counsel. At this time, would counsel for hours please introduce themselves and the record begin? Good morning, Your Honours. May it please the Court. My name is Stephen Shedman, and I represent FMC Devon's warden, Freddie Bowers. Your Honours, I think, to get to the real crux of this, I think you all hit it on the head. The primary issue that the government raises here today is a mootness argument, and we believe that the mootness argument essentially requires there be an affirmance of the dismissal down below. There is... That wasn't your position before the district court, though, was it? There was a number of briefings. There was the original... This is a little bit... Ten years due to the practicality of it, but there was an initial briefing that was filed that was based in part on a variety of factors. The issue of whether there was the essential BOP, whether this court could tell the BOP the authority to, effectively, where to place Mr. Trinkler, that was the primary. But the mootness argument itself was not raised necessarily in the manner in which it's being raised here today. However, I would note for this court that, and I'm sure your Honor has already noticed, it's not a waivable offense, right? This is something that you have to consider at all times, and regardless of whether the government raised it or not down below, it is a primary issue. Even if we found on the merits of the issue that was resolved by, I believe it was Judge Stearns, Judge Stearns below, let's say we were to say we disagree with Judge Stearns, we would have to remand, but then there would still be the issue of mootness, no matter what, correct? Absolutely. The program essentially expired, and your Honor raised McCullough down in the Ninth Circuit. That's the most direct, it's sort of the predecessor program to the Elderly Offender Pilot Program that existed, and that court confronted very similar circumstances we confront here today, and determined that, of course, that the relief can't be granted, essentially because the program no longer exists. This isn't the scenario where relief, essentially, can be taken from another section of the federal code based on one code that now is an application. Essentially, that's what's being asked for here. Essentially, to find the terms of one, and then find relief under another. That's not exactly how this works. If we hold that this issue has become moot, would the remedy be to remand the case for the district judge sitting in equity to determine if there's any other remedy, or should we simply dismiss the appeal as moot, and would that have an effect of not being with prejudice for the petitioner? I believe the petitioner could file another 2241, correct? That's right, Your Honor. And would have to apply to any of those specific programs. That's exactly right, Your Honor. And administratively, he could be granted the relief, in theory. Perhaps. I think counsel mentioned the Second Chance Act under 3624C, that's in the last 12 months of his sentence. We're still talking about someone who's going to be released in 2028. So we're not even talking about his eligibility under that program if they filed under that. Again, that's a different case and a different set of circumstances, but I don't think that that would be a relief that's even eligible under that circumstance. So what I would suggest is that the petition should be dismissed, and if they choose to file another habeas petition under 2241, by all means. I think, Your Honor, the only other thing I would want to also... The petitioner could file a motion, not under 2241, but for compassionate release. Of course, Your Honor. Absolutely. The only thing I would want to comment on, additionally, to that point, is the relief requested, is the illegality questions that are being raised here. There's no finding down below that the government in any way, shape, or form acted illegally within the context of the time that's set. Judge Thompson, I think you noted it, that from a regulatory standpoint, each of the stages, whether that was the warden, whether that was the regional counsel, or the general counsel, acted well within the time specified under the circumstances. We would contend there was no finding that there was anyone running out the clock or otherwise. There was a little bit of a delay in the initial determination, and that was from April. I think it was the original filing was made in April of 2023, but that was bypassing the local prison officials, and it went directly to the warden. So at that point, there was a determination made that in order to exhaust your remedies correctly, you needed to start with the local prison officials. That effectively was started in June of 2023. So in totality, the entire thing took five months, which is, if you just looked at the rules and the regulations and did the math, the entirety of the period would take about six and a half months. So in fact, this period went faster. But procedurally, there was no irregularity. No, Your Honor. But what they're arguing is that during the appeals process, you ran out the clock on a wrong standard. Certainly, Your Honor, the government operated within, or certainly the Bureau of Prisons operated within the time span that they're required to within the regulations, to the extent to which that there would have been any concerns raised by counsel as to the fact that the clock was going to run out. There could have been potentially a habeas petition filed previous to that. There certainly have been instances of habeas petitions filed with concerns that deadlines are coming up. And as a consequence, that they could not follow through the full stages of exhaustion of remedies and that they need to seek the relief in a timely fashion, that was not done here. Unless Your Honors have any further questions on the remainder issues? I have another quick question. I think I'm more sure I know the answer, but there's no impediment that Mr. Trinkler file various types of administrative relief simultaneously and bring them all in 2241 petitions one at a time or in the same petition, correct? Yes, so long as he requests them and they can be addressed by the court in each of the instances. Yes, Your Honor. Okay, thank you. Their broad argument is when they say that they request any other relief that the court can grant, that that encapsulates, I think this is what they're saying, that encapsulates their being able to have relief under any program available to Mr. Trinkler, regardless of whether relief under this particular program is no longer available. So they're saying that in our consideration just of the mootness issue, that's the way we should think about redress. I would say there's more to it than that. And obviously because of the Bureau of Prisons' discretion and its plenary authority in terms of placement, there's far more criteria than it's just simply you can just ask for any sort of form of relief. The Bureau of Prisons must, under those particular programs, assess the individual prisoner under those contexts and under the criteria that is set forth either by Congress or by its own standard. And so under these circumstances, I think to simply just grant relief that's available, simply because it's one option that might work really well for Mr. Trinkler, is not a viable option. Ultimately, it does not just require the fact of that you satisfy relief under the statute, but you also are eligible for that relief and, based on the discretionary authority of the Bureau of Prisons, that it is an appropriate relief to grant to this particular prisoner. Just to be more specific, even in regard to the last 12 months, my assumption, and correct me if I'm wrong, is that upon application for that particular relief, between now and when he's eligible to apply for that, the Bureau will take a look at his behavior during that interim period in terms of processing his request for relief. In other words, if we sent it back now, it would be impossible for the district court, if the court looked at that particular request for relief, to do anything because he's not yet eligible and we don't know how he's going to behave between now and when he is eligible. That's exactly right, Your Honor. Thank you. Three minutes for rebuttal. Please do reintroduce yourself on the record. Amy Barsky for Mr. Trankler. Three points in response. I wanted to highlight the language of Federal Rule of Civil Procedure 54C, and what it says is that every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings. Your client isn't entitled to this other relief. He can apply for it, but he's not entitled to a favorable processing of it. He's entitled to whatever a district court in due course determines is the right equitable remedy for the violation. So again, this is here on a pretrial dismissal. And to respond to the question of McCullough, McCullough was a merits dismissal. That's completely different. That is a case in which the district court has seen the entire case through and determined what is the appropriate remedy. We would have to remand the case and tell the district court this particular relief can no longer be granted, but if there's an appropriate remedy of equity that you can grant under 2241, the habeas statute, you determine it in the first place. We were amenable to that. And the other point to be made about McCullough is that there's specific language in McCullough saying that the Ninth Circuit did not address this very issue because... I'm not getting what relief he's entitled to. So he's entitled to be considered under the lawful criteria of the statute, and to the extent that the BOP says that it now cannot transfer him to home confinement under this particular authority, he's entitled to whatever the district court, after it conducts its process, maybe there's discovery, maybe there's a hearing, maybe there is questioning of BOP witnesses into the question of how is it that they apply their patently unlawful standard to this petition. He's entitled to have his habeas petition heard and have the district court consider and determine what remedies are available and appropriate. And in response to the question of whether the 12 months of step-down pre-release custody at the end of the sentence can be considered now, we've provided, again, I think it's pages 12 and 13 of the reply, somewhere in the reply, 9 and 10 of the reply, a number of potential remedies that the district court can consider and grant now, including what's discussed in this court's decision in Golding's versus Winn, which is the fact that a community correctional center is a placement which is available to the Bureau of Prisons at any time to consider. So if the court wants to remand and to allow us to amend the petition to add allegations, that's fine. I do not think Your Honor, Judge Helpe mentioned the idea that we could file a new 2241 petition. I do not think that is appropriate because at that point we're simply asking the BOP to give him the 12 months of pre-release custody and we have no sort of leverage, so to speak, in that determination. What's happening here is we're asking for a remedy for a particular violation and for the district court to determine what that remedy is. Thank you, Counsel. Thank you.